# The Illinois Central Railroad Company

*v.*

## Eugene C. Johnson.

1. RAILROAD—*rules as to carrying passengers on freight trains.* A railroad company has the clear right to make a rule that no one shall be carried as a passenger on its freight trains. But when it is in the habit of carrying passengers on such a train, and had its regular hour for departure posted in its office at the station, it will not be justified in refusing to carry a passenger from such station, or in putting him off such train.

2. SAME—*duty to furnish facilities for procuring tickets when they are required to be purchased.* Where a railroad company adopts a rule prohibiting passengers from being carried on its trains, or on its freight trains, without the purchase of tickets, it must furnish convenient facilities to the public by keeping open the ticket office a reasonable time in advance of the hour fixed by its time-table for the departure of the train. Should it fail to do so, a person desiring to take passage will have the right to enter the car and be carried to his place of destination, on payment of the regular fare to the conductor.

3. Where a person, desiring to take passage upon a freight train which carried passengers, applied several times to procure a ticket, but could not get one for the reason that the office was closed, and he then got upon the train and tendered the conductor the regular fare, explaining to him his inability to procure a ticket, but the conductor stopped the train and put him off, not at any station or regular place for passengers to get off: *Held,* that the company was liable to such passenger in an action on the case for damages.

4. EXCESSIVE DAMAGES—*refusing to carry passengers.* Where a passenger was put off the cars of a railroad company by the conductor, for the reason that he had not procured a ticket at the station before getting aboard, and it appeared that the office at the station was closed, so that no ticket could be had; that the passenger so informed the conductor, and offered to pay the regular fare; that the place where the passenger was put off was not at any station or usual place for putting passengers off the train, and that this was done in the night time, whereby the passenger was compelled to walk back: *Held,* that $200 damages were not excessive.

APPEAL from the Circuit Court of Macon county; the Hon. A. J. GALLAGHER, Judge, presiding.

This was an action on the case, by Eugene C. Johnson, against the Illinois Central Railroad Company, to recover damages for a refusal to carry him as a passenger, and for putting him off the train of the company at a place which was not a station or usual place for taking on and discharging passengers. The facts of the case are stated in the opinion of the court.

Messrs. Nelson & Roby, for the appellant.

Messrs. A. M. & A. H. Ayers, for the appellee.

Mr. Justice Scott delivered the opinion of the Court:

The errors assigned, upon which appellant seems to rely for a reversal of the judgment in this case, are, first, the court erred in giving instructions in behalf of appellee, and second, the damages found are excessive.

The action was brought to recover damages alleged to have been occasioned by being put off a freight train on appellant's road. Appellee was desirous of being carried from Champaign to Rantoul. The train on which he attempted to obtain passage, was advertised to leave the former place at four o'clock and fifty minutes in the morning, and was made up at that station. Appellee, in company with Mr. Cunningham, applied two or three times at the company's office for tickets, but could get no answer, and consequently could get no tickets. At the hour for the train to depart the parties entered the caboose and took seats. Soon after the train moved out from the station, the conductor came in and demanded the tickets of the passengers. He was told by appellee and Cunningham, they were unable to procure tickets, for the reason the office was closed; that they wanted to go to Rantoul, their business being urgent, and tendered the money for the usual fares. The conductor refused to receive the fare in money, but stopped the train and put appellee and Cunningham off some distance from the station, and they walked back.

The objections taken to the instructions given for appellee, are all answered by the reasoning in the case of the *Chicago and Alton Railroad Co.* v. *Flagg*, 43 Ill. 364, and it is not necessary to discuss them in detail.

It is insisted that appellant was not accustomed to carry passengers on the train on which appellee sought passage, and the principles of law announced in the instructions can have no application to the case. This objection is not founded in fact. The evidence does show that the company was in the habit of carrying passengers on this train. It was made up at Champaign station, and had its regular hours for departure, which were noted on the time-card posted in the office. The very fact that the conductor called for tickets and was willing that appellee should be carried if he had one, is very satisfactory evidence of the custom of the company to carry passengers. The company has the clear right to make a rule that no one shall be carried as a passenger on their freight trains, but it is not claimed it had adopted any such regulations in regard to the train in question. The conductor did not object to carrying appellee on the ground that he was not allowed to carry passengers at all, but simply because he had no ticket.

In Flagg's case, *supra,* it was held, that where the company requires tickets to be purchased at the station, it must furnish convenient facilities to the public by keeping open the office a reasonable time in advance of the hour fixed by the time-table for the departure of the train. Should it fail to do so, a person desiring to take passage would have the right to enter the car and be carried to his place of destination, on payment of the regular fare to the conductor. In this case the company did not keep its office open. Appellee was unable to procure a ticket. He had the clear right to enter the train, and on the payment or tender to the conductor of the regular fare, it was his privilege to be received as a passenger. The instructions given state the law substantially as it has been

announced by this court in its former decisions, were applicable to the facts in the case, and were therefore proper. *Illinois Central R. R. Co.* v. *Sutton*, 53 Ill. 399.

Appellee was put off the train at a point other than a station. It was not far distant, it is true, but still it was not at a station or any usual place for putting passengers off freight trains. That appellee was entitled to recover something, we do not entertain the slightest doubt. The jury found a verdict for $250. A remittitur of $50 was entered, and the court rendered judgment for $200. This amount is claimed to be excessive. We do not think so. Appellee had the clear right to be received as a passenger. The company only was in fault. His business was urgent, and this he explained to the conductor and was captiously told it made no difference. He was put off in the night time and compelled to walk some distance back to the station.

The act of the company was an open and wilful defiance of the law, as it has been repeatedly declared by the decisions of this court. In Flagg's case, the circumstances were not more aggravated than in the case at bar, and a judgment for $100 was permitted to stand. It was the first of this class of cases, and the law had not been previously settled in this State.

The instructions given by the company to their conductors to put off passengers not holding tickets, who, in good faith, had endeavored to procure them, but could not do so on account of the neglect of its own agents, was known to the principal officers to be unlawful. If these corporations will not willingly obey the law in this regard, they must expect to be visited with exemplary damages for its infraction.

Perceiving no material error in the record, the judgment must be affirmed.

*Judgment affirmed.*