EDWARD O'BRIEN, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

*It seems,* that where, in consequence of the fractious refusal of a passenger upon a railroad to pay the full fare the company has a right to demand, the train is stopped for the sole purpose of putting him off, he is not entitled to insist on continuing his trip, on paying the fare, but may be removed from the train.

But where the train stops at a regular stopping place, and the passenger, before being ejected, or others in his behalf, offer to pay the full fare, it is the duty of the conductor to accept it; and if he refuses and ejects the passenger the company is liable.

(Argued February 4, 1880; decided February 24, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of plaintiff, and affirming an order denying a motion for a new trial.

This action was brought to recover damages for an alleged unlawful ejectment from a train on defendant's road.

The evidence of plaintiff was to the effect that he got on a train on defendant's road at Albany with a relative, that the train started suddenly, so that he could not get off, and he concluded to go to Schenectady; the regular fare was thirty-four cents; when the conductor came along plaintiff tendered to him thirty-five cents; he refused to receive it, claiming that because of the omission of plaintiff to procure a ticket, he was required to pay five cents extra fare, plaintiff stated he had no more money, and objected to paying

more, the conductor informed him that he must pay or he would be put off the train. Other passengers then offered to pay the five cents, but the conductor took no notice of them and passed on. When the train stopped at West Albany, which was a regular station, the conductor ordered the plaintiff to get off the train, plaintiff had meanwhile procured five cents more, he tendered the forty cents to the conductor, which he refused to accept, and with the aid of others, he forcibly ejected plaintiff from the train.

Further facts appear in the opinion.

*Matthew Hale*, for appellant. The defendant had a right to demand the extra fare. (Chap. 228 of the Laws of 1857; *Bordeaux* v. *The Erie Railway Co.*, 8 Hun, 579; *Nellis* v. *N. Y. C R. R. Co.*, 30 N. Y., 505; *Hilliard* v. *Goold*, 34 N. H., 230, 241; *State* v. *Goold*, 53 Me., 279; *Crocker* v. *New London, etc., R. R. Co.*, 24 Conn., 249; chap. 140, Laws of 1850 [3 St. at L.], 634, § 35.) After plaintiff had refused to pay his fare, and the conductor had taken the trouble to procure policemen and employees to eject him, he had no right, by making the tender, to continue on the car. (Chap. 140, Laws of 1850, § 35; *People* v. *Jillson*, 3 Park, 234; *O'Brien* v. *Boston and W. R. R. Co.*, 15 N. Y., 455, 461; *Stone* v. *C. and N. W. R. R. Co.* [Iowa Sup. Ct., Oct., 1877], 11 Western Jurist, 653.) The court erred in charging that the conductor had a right to eject the plaintiff, for a refusal to pay the extra five cents, unless the plaintiff offered to pay just before the time of ejectment. (Chap. 140, Laws of 1850; *People* v. *Jillson*, 3 Park, 234, 241; 15 N. Y., 461.)

*E. Countryman*, for respondent. There was no error in overruling defendant's objection to the testimony of plaintiff, stating the manner and circumstances of his going upon the train. (1 Wharton on Evidence, § 259.) Plaintiff was not liable to the extra charge of five cents. (*Gillis* v. *Penn. R. R. Co.*, 59 Penn., 129, 143; *Doss* v. *Mo. K. and T. R. R. Co.*, 59 Mo., 27, 37; Wharton on Negligence [2d ed.], § 642;

Laws of 1857, chap. 228, § 2; 2 R. S. [6th ed.], 557, § 123; Laws of 1853, chap. 76, § 7; Wharton on Negligence [2d ed.], § 354; *Porter* v. *N. Y. C. R. R. Co.*, 34 Barb., 353; *Chase* v. *N. Y. C. R. R. Co.*, 26 N. Y., 523, 528; *Nelson* v. *Long Island, etc., R. R. Co.*, 7 Hun, 140.) The court rightly refused to charge that plaintiff could not recover upon his own final offer to pay the conductor, because such offer was not alleged in the complaint. (*Lounsbury* v. *Purdy*, 18 N. Y., 515, 521; *Coleman* v. *Playsted*, 36 Barb., 27.)

Rapallo, J. There was evidence in the case tending to prove that before the plaintiff was put off the train at West Albany, he offered to pay to the conductor the additional four cents which he demanded, and that other passengers offered to pay the amount in his behalf. There was no error in the submission of this question to the jury, and they appear to have found the fact in favor of the plaintiff. If the stoppage at West Albany had been made for the sole purpose of putting the plaintiff off, and he had rendered it necessary by a fractious refusal to pay the extra fare, he would not have been entitled to insist on continuing his trip after having occasioned such an interruption. But West Albany having been one of the regular stopping places of the train, we think that if, before being ejected there, he or others in his behalf offered to pay the full fare, the conductor should have accepted it.

The admission of the testimony as to the circumstances under which the plaintiff got on the train could not have affected the result, for the court expressly charged the jury that the defendant had a right to charge the extra fare, and that was the only point upon which the evidence could have any bearing. The discrepancies and contradictions in the testimony were solely for the consideration of the jury.

The judgment should be affirmed.

All concur.

Judgment affirmed.