### ALBERT D. SWAN *vs.* MANCHESTER & LAWRENCE RAILROAD.

Essex.   Nov. 2, 3, 1881. — Jan. 5, 1882.   MORTON & ALLEN, JJ., absent.

A regulation of a railroad corporation, that a passenger who shall purchase a ticket before entering its cars shall be entitled to a discount from the advertised rates of fare, but, if such ticket is not purchased, the full rate of fare shall be charged, is a reasonable regulation, and does not violate a rule prescribed by statute, that the rates of fare shall be the same for all persons between the same points.

If a railroad corporation advertises to carry passengers purchasing tickets at a less rate than the regular fare, it is not bound to keep its ticket office at a particular station open after the time when a train of cars is advertised to leave that station; and if a person arrives after that time, and enters the train of cars without a ticket, he may, in accordance with the regulations of the corporation, be expelled for refusing to pay full fare, although he was unable to procure a ticket in consequence of the ticket office being closed.

A passenger who enters a railroad car at one station, and is properly expelled from it, for nonpayment of his fare, at a second station, is not entitled to be carried to a third station by the same train of cars, by tendering the fare between the second and third stations.

TORT in two counts.   The first count was for expelling the plaintiff from the defendant's cars at Windham, in the State of New Hampshire.   The second count was for refusing to sell the plaintiff a ticket entitling him to be carried over the defendant's railroad from said Windham to Lawrence, in this Commonwealth.   The case was submitted to the Superior Court, and, after judgment for the defendant, to this court on appeal, upon agreed facts, the material parts of which appear in the opinion.

*E. T. Burley & W. S. Knox*, for the plaintiff.

*J. H. George*, of New Hampshire, (*J. W. Fellows*, of New Hampshire, with him,) for the defendant.

DEVENS, J.   The regulation that all passengers, who shall purchase tickets before entering the cars of a railroad company to be transported therein, shall be entitled to a small discount from the advertised rates of fare, but, if such ticket is not purchased, the full rate of fare shall be charged, is a reasonable one, and in no way violates the rule, which in New Hampshire has the sanction of the statute law, that the rates shall be the same for all persons between the same points.   *Commonwealth*

v. *Power*, 7 Met. 596. *Johnson* v. *Concord Railroad*, 46 N. H. 213. *St. Louis, Alton & Terre Haute Railroad* v. *South*, 43 Ill. 176. *Illinois Central Railroad* v. *Johnson*, 67 Ill. 312. *Indianapolis, Peru & Chicago Railroad* v. *Rinard*, 46 Ind. 293. *Du Laurans* v. *St. Paul & Pacific Railroad*, 15 Minn. 49.

The number of persons carried, the rapidity with which the cars move, the frequency and shortness of their stops, the delay and inconvenience of making change, the various details to be attended to by the conductor while the train is in motion or at the stations, and the importance to the railroad company of conducting its business at fixed places, render the mode of payment by tickets previously purchased one of advantage to the railroad company and of convenience to the public. A passenger who is without a ticket and declines to pay full fare may ordinarily be ejected from a train at a station, as one may who absolutely refuses to pay his fare. *State* v. *Goold*, 53 Maine, 279. *Stephen* v. *Smith*, 29 Vt. 160. *Hilliard* v. *Goold*, 34 N. H. 230, and cases above cited.

These positions are not controverted by the plaintiff, who maintains that, although he had no ticket, he was entitled to be carried for the price of one, in view of his failure to procure one under the circumstances hereafter stated. The table of prices advertised by the defendant authorized the ticket seller to make a discount of fifteen cents, had the plaintiff purchased one for the journey he proposed to make from Derry to Lawrence, the advertised fare being sixty-five cents. Until the time advertised for the departure of the train from Derry had expired, the ticket seller had been in his office. He left it after that time, and while the train was approaching, in order to aid the station agent, as he was accustomed to do, in loading the baggage upon the passenger trains. While the plaintiff did not approach the ticket office to find it vacant and the ticket seller absent until after the time had expired for the departure of the train as advertised, there was sufficient time for him to have procured his ticket before the train actually started from the station, if the ticket seller had then been in the office. He entered the train without a ticket, and the conductor, acting according to the rules of the company, demanded the full price for the fare, sixty-five cents, which

the plaintiff refused to pay, insisting upon his right to be carried for fifty cents, the price of a ticket, which he tendered, but which the conductor refused, telling the plaintiff he must leave the train at the next station, unless the demand for full fare was complied with. On the arrival of the train at the next station, the plaintiff, failing to comply with the demand of the conductor, was ordered by him to leave the train, which he did.

Upon this part of his case, the plaintiff contends that, inasmuch as he went to the office to procure a ticket, and was unable so to do, as above stated, he was entitled to be carried for the price of a ticket, which he tendered, and that his exclusion from the train was therefore unjustifiable.

It has been held in a few cases that the offer to carry passengers at a less rate if tickets were procured, was in the nature of a proposal, like other proposals to enter into a contract, dependent for its acceptance upon the compliance with its condition; that it might be withdrawn at any time; that closing the office for the sale of tickets was such withdrawal; and that the offer carried with it no obligation on the part of the company to open an office, or to keep such office open for any length of time, it being merely an offer to make the deduction if the ticket should be procured. *Crocker* v. *New London, Willimantic & Palmer Railroad*, 24 Conn. 249. *Bordeaux* v. *Erie Railway*, 8 Hun, 579.

In a much larger number of cases, and with much better reason, it has been held that where the railroad undertakes to conduct its business by means of tickets, whether it requires, as it may, the possession of a ticket as a prerequisite to entering its cars, or whether it offers a deduction from the regular or advertised rate to one who shall procure a ticket in advance, it is a part of its duty to afford a reasonable opportunity to obtain its tickets. *St. Louis, Alton & Terre Haute Railroad* v. *South, ubi supra*. *Chicago & Alton Railroad* v. *Flagg*, 43 Ill. 364. *Jeffersonville Railroad* v. *Rogers*, 28 Ind. 1. *Indianapolis, Peru & Chicago Railroad* v. *Rinard, ubi supra*. *Du Laurans* v. *St. Paul & Pacific Railroad, ubi supra*.

Adopting on this part of the case the rule most favorable to the plaintiff, he was afforded a fair and reasonable opportunity

to obtain a ticket.   Delays must necessarily from time to time arise in the progress of a train from a variety of incidental circumstances, but at the stations everything may be definitely arranged with reference to the time when by the schedule the train is to depart.   A traveller should be at the station sufficiently early to make the ordinary preparation for his journey according to this, and has a right to expect that other matters in which he is interested will be accommodated to the schedule arranged; that suitable persons will then be at the station to take charge of his baggage and to provide him with a ticket. The plaintiff had a reasonable opportunity to procure a ticket, if for a time sufficient to attend to the business, and up to the time when the train was advertised to depart, the ticket office was open and there was a proper person in attendance.   The delay of the train did not enlarge his rights, nor could it entitle him to insist that at the station whence he was to start the office of the ticket seller should not be closed until its arrival.   Trains may be delayed for hours, especially during the storms of winter, from causes which cannot be controlled.   The ticket sellers, especially at the numerous small stations, must have imposed upon them various other duties; and it would not be a reasonable rule that should compel them to be at their posts sometimes for hours after the time when everything at the station should have been arranged for the departure.   *St. Louis, Alton & Terre Haute Railroad* v. *South, ubi supra.*

The cases of *Porter* v. *New York Central Railroad*, 34 Barb. 353, *Nellis* v. *New York Central Railroad*, 30 N. Y. 505, and *Chase* v. *New York Central Railroad*, 26 N. Y. 523, all depend upon a statute of New York applicable to the New York Central Railroad Company alone, which requires it, at every station on its road where there is a ticket office, to keep the same open "at least one hour prior to the departure of each passenger train from such station."   This has been held to mean its actual departure, and that road is necessarily governed by this positive provision of law.

The plaintiff, having no right to insist on being carried for the price of a ticket, and declining to pay the regular fare, was properly expelled from the train on its arrival at Windham, one of the stations on the road.

While the train stopped at Windham, and after the plaintiff's expulsion therefrom, he applied to the ticket seller for a ticket from Windham to Lawrence, tendered him the money therefor, which the ticket seller accepted, but, upon being informed of the fact by the conductor that the plaintiff had taken passage at Derry, and requested not to sell him a ticket, declined so to do, and tendered to the plaintiff his money, which the plaintiff declined to receive, at the same time stating "that he wished to go on that train." Under the direction of the conductor, the train started, leaving the plaintiff at the station, and he proceeded thence to Lawrence by carriage, a distance of twelve miles, there not being another train until five hours later.

If his original expulsion from the train were lawful, the plaintiff contends, on these facts, that the railroad company has no justification for refusing thereafter to transport him to Lawrence. The plaintiff did not seek to purchase a ticket from Windham, or offer the money therefor, except to prosecute his journey to Lawrence by the same train, which he had entered at Derry, and from which he had been rightfully expelled. Because tickets are sold from Windham to Lawrence, he contends that he desired to make a new contract at the regular price from that point, which the defendant, as a common carrier of passengers, had no right to refuse. Whatever might be his rights, if he had sought to purchase a ticket for or go by a subsequent train from Windham, he sought to continue a transaction which had begun by his entering the cars at Derry to go to Lawrence, when he had thus impliedly contracted to pay the regular fare for that journey, which included the distance from Windham. He was not in the situation of a passenger whose journey was to commence at Windham; he had already been brought from Derry, and the claim that he should have been carried by the same train from Windham, on paying from that point, was a claim that he might renew the same contract he had already broken, by paying for the distance over which the journey was yet to be prosecuted, while he made no payment for the distance over which he had already been transported. While the journey which he had begun and for which he had contracted to pay continued, he could not at his pleasure break it into two separate transactions. That

which he sought to make had been included in his original contract, and the defendant was not obliged to readmit him to the same train, from which his expulsion had been proper, so long at least as he persisted in his violation of the contract he had originally made.

In *O'Brien* v. *Boston & Worcester Railroad*, 15 Gray, 20, it was held that a person, who had been properly ejected for non-payment of fare at a place where there was no station, could not, by again entering the cars and tendering the fare, obtain the right to be carried by them.

If this case is distinguishable, as the plaintiff suggests, by the fact that the expulsion there was not at a station, and the re-entry into the cars was at a place where the company was not bound to receive passengers, it is also distinguishable, and in this matter not in favor of the plaintiff, by the fact that the person there expelled offered to pay the entire fare for the journey which he had begun.

If the rightful expulsion take place at a station, it is not an unreasonable rule that the person expelled should pay the fare over the distance already travelled before he can purchase a ticket from such station for the remainder of the journey which will entitle him to be carried on the same train. This point was directly adjudged in *Stone* v. *Chicago & Northwestern Railroad*, 47 Iowa, 82, and in *O'Brien* v. *New York Central & Hudson River Railroad*, 80 N. Y. 236.

The case of *State* v. *Campbell*, 3 Vroom, 309, goes further than we are required to do in the present inquiry. The traveller there had an excursion ticket from New Brunswick to New York, good for a single day, which had passed, and the ticket was thus exhausted. He had also a regular ticket, which then entitled him to a passage between the same points. The latter ticket he kept in his pocket, refused to exhibit any other than the exhausted ticket, and was ejected from the cars at Newark, a station on the road. He then exhibited the regular ticket, which would have entitled him to the passage if previously shown, and claimed to re-enter the cars. His previous conduct was held to fully justify his exclusion from the same train.

The only other case cited by the plaintiff which requires notice is *Nelson* v. *Long Island Railroad*, 7 Hun, 140. It was

there held that a passenger put off the car for refusing to pay his fare cannot be taken back upon complying with the rule violated, unless he be at a regular station, and then and there obtain a ticket, or tender his fare. An examination of the case will show that the obtaining a ticket or tendering the fare referred to is a ticket or fare for the whole distance travelled and to be travelled, and not for the remainder of the proposed journey. *Judgment affirmed.*