WILLIAM PEASE, Respondent, *against* THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Appellant.

(Decided January 12th, 1883.)

After a railroad train has been stopped for the sole purpose of putting off a passenger because of his factious refusal to pay the fare, he has not the right to tender the fare and continue his trip; even though the train has proceeded but a short distance from and is still within the limits of an ordinary stopping place.

APPEAL from a judgment of this court entered on the verdict of a jury and from an order denying a motion for a new trial.

The plaintiff was a passenger on January 1st, 1881, on defendant's railroad from Hoboken to Montclair. He gave the conductor of the train a ticket for a passage from Montclair to New York. The conductor refused to receive it and demanded his fare. The plaintiff refused to pay fare,

and the conductor directed the brakeman to put him off. The latter did so in spite of active resistance from plaintiff. While they were engaged in putting him off, and before he was ejected, plaintiff offered to pay his fare, but the conductor refused to take it.

This dispute between the plaintiff and the conductor commenced while the train was in, or near, the tunnel beyond Hoboken. The train then stopped at a regular stopping place just before it reached the Midland road. It had started to go again when the conductor pulled the bell. and stopped it to put plaintiff off.

The judge who presided at the trial charged the jury that the ticket tendered by plaintiff did not entitle him to a passage from Hoboken to Montclair, and that the conductor had the right to demand plaintiff's fare, and if plaintiff refused it, to remove him from the car without unnecessary force ; but that, as the cars had stopped at a regular stopping place, the conductor, although the ejection of plaintiff from the car had commenced, should have received the fare when plaintiff offered it, and not persisted in the effort to remove him, and that for the removal after that the company was responsible. The defendant's counsel called the attention of the court to the testimony that after the train had stopped at its usual stopping place it had started on again, and was stopped a second time for the express purpose of putting plaintiff off. The court did not alter the charge in that respect. Defendant's counsel excepted to the charge that after plaintiff had offered to pay his fare the effort to put him off should not have been persisted in, and that the conductor should have taken the fare, and that putting him off after the offer to pay his fare was a wrongful act.

J. F. DALY, J.—[After stating the facts as above.]—If the train arrived at a regular stopping place, and while there the conductor proceeded to eject a passenger for non-payment of fare, the latter might offer to pay before he was

actually ejected, and such payment should be received. But if the stoppage of the train was for the sole purpose of putting the passenger off, and he had rendered the stoppage necessary by a factious refusal to pay the fare, he would not have the right to tender the fare and continue his trip after having caused such an interruption (*O'Brien* v. *New York Central &c. R. R. Co.*, 80 N. Y. 236).

The evidence in this case is that the train had started on its way from a regular stopping place, and was stopped again for the express purpose of putting plaintiff off. There was, therefore, a stoppage of the train for the sole purpose of ejecting the plaintiff, and he had no right to tender his fare afterwards, for he had forfeited his right to continue his journey (*Hibbard* v. *New York & Erie R. R. Co.*, 15 N. Y. 455). It can make no difference in principle whether the train has proceeded a longer or shorter distance when it is stopped again, nor whether the second stoppage was made while it was within the limits of the ordinary stopping place. It is the fact that a stop has to be made through the pertinacity of the passenger in wrongfully refusing his fare that determines the question.

The charge seems to me to be erroneous in disregarding the facts of the case which called for the application of the principle. There was no conflict of evidence on this point.

The plaintiff says that the train did not go on after the time they took hold of him till he was put off. This was undoubtedly so. They stopped to put him off and started again after he was off. But this was the second stoppage. The witness Kearney saw the train just at the time of the ejection of the plaintiff. The train came to a standstill then, and did not start again till after the ejection. This is not a contradiction of the positive testimony of several witnesses as to two stoppages. Kearney only saw the one that was made for the purpose of ejecting plaintiff. The plaintiff himself states that the conductor pulled the bell to stop and put him off.

The judgment and order should be reversed with costs of

this appeal to defendant to abide event, and a new trial ordered, with costs of former trial to abide event.

VAN BRUNT, J.—I concur in the result.

BEACH, J.—I concur.

Judgment and order reversed, with costs of appeal to defendant to abide event, and new trial ordered, with costs of former trial to abide event.