S. P. Forsee v. Alabama Great Southern Railroad
Company.

1. Evidence. *Admission of agent, whether part of res gestœ.*
    In the trial of an action for damages against a railroad company for requiring a passenger on their train, having no ticket, to pay more than the ticket rate, evidence of the declaration of the ticket agent at the station where the passenger had tried to buy a ticket, that he was asleep before and on the arrival of the train on which plaintiff took passage, such declaration having been made on the day following, is incompetent. *Moore v. Chicago Railroad Company*, 55 Miss. 243, cited.

2. SAME. *Of general negligence when irrelevant.*
Where in such action it is shown that the agent was not at his post, and the ticket office was not open in time for plaintiff to obtain a ticket, evidence of the general negligence of the agent in the discharge of his duties is immaterial and irrelevant.

3. SAME. *Of damages not claimed.*
And if it be not laid in the declaration in such case that the plaintiff's health was affected by the wrong complained of, then evidence as to the state of his health at the time of the alleged injury is irrelevant.

4. RAILROAD COMPANY. *Right to discriminate in passenger rates.*
A railroad company has the right to discriminate in its rates for carrying passengers against those who do not purchase tickets, provided the corporation affords reasonable opportunities and facilities to passengers to procure tickets at the lower rate.

5. SAME. *Liability for exacting more than ticket rate. Remedy. Measure of damages.*
A passenger who has been unable to purchase a ticket because of the failure of the company to furnish him an opportunity to do so, may either pay the excess demanded on the train, under protest, and afterward recover it by suit, or refuse to pay it, and hold the corporation liable in damages if he be ejected from the train. But exemplary damages can only be recovered where the expulsion is characterized by malice, recklessness, rudeness, or willful wrong.

APPEAL from the Circuit Court of Lauderdale County.

HON. S. H. TERRAL, Judge.

About nine o'clock P. M., on September 20, 1884, S. P. Forsee went to the ticket office of the Alabama Great Southern R. R. Co. at Toomsuba, for the purpose of buying a ticket and taking passage for Meridian on that company's train, which was due at Toomsuba at about half-past nine o'clock P. M. The depot was dark, no ticket agent could be seen or found, and as it was raining slightly Forsee and his companion, one Poole, left the depot, where, as they claimed, there was no adequate shelter, and went over to a store near by, but from which they could still view the depot and watch for the train. No one was seen about the depot until the train approached, when a man with a mail bag ran out. Forsee seized him and said to him that he had tried to get a ticket but had not been able to find any one at the depot. The man,

who proved to be the agent, replied that it was then too late. Forsee went to the conductor and told him that he had been unable to buy a ticket because the agent was not on hand. Forsee then boarded the train, and when the conductor came to him for his fare again told him he had no ticket and why he had failed to get one, but tendered him thirty-five cents, the amount of the regular ticket rate between Toomsuba and Meridian. The conductor declined to receive it, and demanded fifty cents, explaining to Forsee that his instructions were positive to collect fifty cents from passengers going from one to the other point mentioned who failed to purchase tickets. Forsee still refused to pay more, when the conductor stopped the train, seized Forsee, and with the assistance of two train men was about to put him off. Forsee, rather than be put off, paid fifty cents under protest, and afterward brought this action to recover damages for the alleged injury that resulted to him from the neglect and wrongful conduct of the railroad company's agents.

Plaintiff introduced evidence tending to show that the conductor acted in a rough, insulting, and insolent manner, while the defense introduced evidence tending to show the opposite, and that the conductor used no more force than was necessary.

Plaintiff offered to prove by witnesses and by the deposition of one C. P. Blanks that the acting ticket agent was a boy of sixteen years, that he was careless and indifferent, and that he had been previously reported to defendant for neglecting his duties. This evidence the court below refused to admit.

Plaintiff further offered to prove by two witnesses that he was at the time in a delicate state of health, and that he would have probably received serious and permanent injuries had he been put off the train, and that owing to the delicate state of his health, any undue excitement of mind was injurious, but the court below refused to admit such testimony.

Plaintiff also offered to prove that on the day following his attempt to purchase the ticket, the ticket agent had admitted to some third person that he was asleep before and on the arrival of the train on the day in question, and that the depot was not

lighted; and this evidence the court below refused to admit. The jury rendered a verdict for plaintiff, and fixed his damages at fifty dollars, and thereupon the court adjudged that each party pay his own costs. The plaintiff appealed.

W. C. Forsee, for the appellant.

1. The right of the company to make a discrimination in the prices of fares cannot be doubted. This has time and again been declared by the courts of this country. But in every such case, it has always been held that this right of the company depends upon the fact that the company has given the passenger suitable and proper opportunities, and furnished him reasonable facilities for the purchase of a ticket at the lower rate. The following statement made by Boone, in his work on corporations, will be found to be an accurate and concise statement of the rule upon this point, viz. :

"A regulation discriminating in passenger fares in favor of those who purchase tickets before entering the cars is not unreasonable; but any right of the company to make such discrimination depends upon the fact that a reasonable opportunity has been given to obtain tickets at the lower rate. To this end the ticket office must be kept open a reasonable time prior to the time fixed for the departure of the train." Boone on Corporations, § 259, and authorities there cited; *St. Louis, etc., Railroad Co. v. South,* 43 Ill. 176; *Jeffersonville, etc., Railroad Co. v. Rogers,* 28 Ind. 1; *Jeffersonville, etc., Railroad Co. v. Rogers,* 38 Ind. 116; *Chicago Railroad Co. v. Flagg,* 43 Ill. 364; *The Lawrence v. St. Paul, etc., Railroad Co.,* 15 Minn. 49; *Indianapolis, etc., Railroad Co. v. Rinard,* 46 Ind. 293; *Patton v. Chicago, etc., Railroad Co.,* 32 Wis. 24; *Illinois, etc., Railroad Co. v. Johnson,* 67 Ill. 312; *Beard v. Connecticut Railroad Co.,* 48 Vt. 101; *Illinois Railroad Co. v. Cunningham,* 67 Ill. 312; *Knight v. Portland Railroad Co.,* 56 Maine 234; *Evans v. Memphis and Charleston Railroad Co.,* 56 Ala. 246.

2. It was alleged in the declaration that at the time of this occurrence and prior thereto, appellant was and had been in very delicate and precarious health. The defendant did not demur to

this, but denies it to be a fact by pleading the general issue. Having been alleged and denied, it became a matter to be proven, and in this connection we submit that the court should have permitted the testimony to be made, as offered, in relation to plaintiff's health. *Heirn* v. *McCaughn*, 32 Miss. 17.

3. The fact that the agent of defendant at Toomsuba was notoriously unfit for the discharge of the duties for which he was placed there, was a proper matter of proof for the jury. The negligent act complained of in this case was done in the usual discharge of his duties. The fact that defendant was notified of the negligent character of this agent, and failed to discharge him, ought to have been submitted to the jury. *Johnson* v. *Chicago, etc., Railroad Co.*, 58 Iowa 348 ; *Pacific Railroad Co.* v. *Nash*, 7 Kans. 280 ; *Frazier* v. *Pennsylvania Railroad Co.*, 38 Pa. St. 104–110 ; *Hall* v. *Connecticut Steamboat Co.*, 13 Conn. 319 ; *Michigan* v. *Dolan*, 32 Mich. 510–513 ; *Kinney* v. *Neil*, 1 McLean 540 ; 2 Thompson on Neg., p. 1053 ; 1 Greenleaf's Evidence, § 461 ; 1 Thompson on Neg., p. 513, § 16, *et seq*; *Vicksburgh* v. *Pattan*, 31 Miss. 157 ; Shearm. & Red. on Neg., § 86 ; 2 Thompson on Neg., p. 984, §§ 3, 4; *Davis* v. *Detroit Railroad Co.*, 20 Mich. 105 ; *Pittsburg Railroad Co.* v. *Ruby*, 38 Ind. 294.

*Woods & McIntosh*, on same side.

1. The plaintiff had the right to recover, though not punitive damages, whether the language or conduct of the conductor was rude, harsh, and insulting or not—*provided* the proof showed that he had no opportunity for purchasing a ticket.

2. Whilst "the *sole* question is whether the conductor was guilty of improper conduct," in order to determine that *sole* question it was necessary for the plaintiff to have first shown that it was not his but the company's fault that he did not purchase a ticket.

We do not dispute the right of the company to establish the rule requiring the passenger who had no ticket to pay additional fare ; but we dispute the proposition insisted upon by counsel—that the company had that right whether the ticket-office was open or not.

3. Punitive damages should be allowed in a case like this, for the same reason that men are punished for a violation of the crim-

inal law.   If men who are insulted and wronged as Forsee was—are told, when they go into courts seeking a redress of their grievances, that " if you had kept quiet and paid the extra fare wrongfully demanded of you, then there would have been no trouble, and because you didn't do so and dare now to come here asking that a railroad corporation be made to give you satisfaction, you are not entitled and shall not have any instructions whatever to the jury and must pay half the costs "—then there will be no more appeals to the courts, but, then and there, redress will be had.

*John W. Fewell,* for the appellee.

1. The gravamen of the action was the alleged rude and insulting language and conduct of the conductor.   Without proof of such language or conduct, the plaintiff had no right to recover anything. Therefore, the simple question was whether the conductor was rude or used unnecessary force.   If the plaintiff had paid the extra fare demanded without any unpleasantness, he might have proved, under his theory of the law, that the ticket office was closed, and that, therefore, the company had no right to demand the extra fare.

2. The company had the right to establish and enforce the rule requiring the passenger who had no ticket to pay an additional fare. I insist that the company has this right in the abstract, and without reference to whether the ticket office was open or not.   There was no law to prevent the company from establishing the two fares. Undoubtedly, the company would have had the right to ask four cents a mile for a ticket.   What reason is there, then, that the company may not charge four cents a mile to a passenger without a ticket?   I urge that the case of *Crocker* v. *The New London & C. Railroad Co.*, 24 Conn. 249, in which it is held that the company has the right to exact the additional fare, without reference to whether opportunity was afforded to procure a ticket, rests upon sounder reasons than the decisions to the contrary, and I invite the court to a careful examination and comparison of the reasoning of the conflicting authorities on this point.

If the court should hold that the conductor had no right to ask the additional fare, because the plaintiff informed him that the office was not open, it would be equivalent to deciding that the

conductor and the company are bound to take the statement of any passenger to that effect, and the result would be that all railroad companies would lose the benefit of a regulation which is admitted to be of great benefit to them, for many persons will take no pains to procure tickets. If the conductor was not bound to take the plaintiff's statement, then he had the right, and it was his duty, to enforce the rule by putting the plaintiff off; and so the question is whether the conductor used improper language or unnecessary force.

ARNOLD, J., delivered the opinion of the court.

There was no error in sustaining the objection to the proposed testimony in regard to appellant's health. It is not claimed that his health was affected by the occurrence of which he complains, and evidence on that subject was irrelevant.

The testimony offered, including the deposition of C. P. Blanks in regard to the character of the ticket agent, was properly excluded. It was shown that the agent was not at his post, and that the ticket office was not open in time for appellant to obtain a ticket, and the character of the agent under these circumstances was immaterial.

The alleged admissions or declarations of the ticket agent, made a day or more after the occurrence to which they related, were incompetent, and the objection to the testimony introduced to prove such admissions or declarations was well taken. *Moore* v. *Chicago, etc., Railroad Co.*, 59 Miss. 243.

It is competent for a railroad corporation to adopt reasonable rules for the conduct of its business, and to determine and fix, within the limits specified in its charter and existing laws, the fare to be paid by passengers transported on its trains. It may, in the exercise of this right, make discrimination as to the amount of fare to be charged for the same distance, by charging a higher rate when the fare is paid on the train than when a ticket is purchased at its office. Such a regulation has been very generally considered reasonable and beneficial both to the public and the corporation, if carried out in good faith. It imposes no hardship or injustice upon

passengers, who may, if they desire to do so, pay their fare and
procure tickets at the lower rate before entering the cars, and it
tends to protect the corporation from the frauds, mistakes, and in-
convenience incident to collecting fare and making change on trains
while in motion, and from imposition by those who may attempt
to ride from one station to another without payment, and to enable
conductors to attend to the various details of their duties on the
train and at stations. *State* v. *Goold*, 53 Maine 279; *The Jefferson-
ville Railroad Co.* v. *Rogers*, 28 Ind. 1; *Swan* v. *Manchester, etc.,
Railroad Co.*, 132 Mass. 116.

But such a regulation is invalid, and cannot be sustained, unless
the corporation affords reasonable opportunity and facilities to pas-
sengers to procure tickets at the lower rate, and thereby avoid the
disadvantage of such discrimination. When this is done, and a
passenger fails to obtain a ticket, it is his own fault, and he may
be ejected from the train if he refuses to pay the higher rate charged
on the train.

When such a regulation is established, and a passenger endeavors
to buy a ticket before he enters the cars, and is unable to do so on
account of the fault of the corporation or its agents or servants,
and he offers to pay the ticket rate on the train, and refuses to pay
the car rate, it is unlawful for the corporation or its agents or ser-
vants to eject him from the train. He is entitled to travel at the
lower rate, and the corporation is a trespasser and liable for the
consequences if he is ejected from the train by its agents or ser-
vants. The passenger may, under such circumstances, either pay
the excess demanded under protest, and afterward recover it by
suit, or refuse to pay it, and hold the corporation responsible in
damages if he is ejected from the train. 1 Redfield on Railways
104; *Evans* v. *M. & C. Railroad Co.*, 56 Ala. 246; *St. Louis, etc.,
Railroad Co.* v. *Dalby*, 19 Ill. 353; *St. Louis, etc., Railroad Co.* v.
*South*, 43 Ill. 176; *Smith* v. *Pittsburg, etc., Railroad Co.*, 23 Ohio
St. 10; *Porter* v. *N. Y. Central Railroad Co.*, 34 Barb. 353; *The
Jeffersonville Railroad Co.* v. *Rogers*, 28 Ind. 1; *The Jefferson Rail-
road Co.* v. *Rogers*, 38 Ind. 116; *State* v. *Goold*, 53 Maine 279;
*Swan* v. *Manchester, etc., Railroad Co.*, 132 Mass. 116; *Du Lau-
rans* v. *St. Paul, etc., Railroad Co.*, 19 Minn. 49.

In such case exemplary damages would not be recoverable, unless the expulsion or attempted expulsion was characterized by malice, recklessness, rudeness, or willful wrong on the part of the agents or servants of the corporation. *Chicago, etc., Railroad Co.* v. *Scurr,* 59 Miss. 456; *Du Laurans* v. *St. Paul, etc., Railroad Co.,* 19 Minn. 49; *Pullman, etc.,* v. *Reed,* 75 Ill. 125; *Hamilton* v. *Third Avenue Railroad Co.,* 53 N. Y. 25; *Townsend* v. *N. Y. Central Railroad Co.,* 56 N. Y. 295; *Paine* v. *C. R. I. & P. Railroad Co.,* 45 Iowa 569; *McKinley* v. *The C. & N. W. Railroad Co.,* 44 Iowa 314.

The cause was tried in the court below on theories and principles of law different from those here expressed, and the judgment is reversed and a new trial awarded.

*Reversed.*