LOUIS N. RIVERS *v.* KANSAS CITY, MEMPHIS & BIRMINGHAM RAILROAD COMPANY.

1. RAILROADS. *Carrier. Passengers. Failure to procure tickets. Excess fare. Ejection. Code* 1892, *§* 3558.

   A passenger who boards a railroad train without a ticket cannot be charged an excess rate of fare, and ejected if he refuse to pay the same, unless he were afforded reasonable opportunity to purchase a ticket at the regular rate before he boarded the train.

   SAME. *Evidence examined.*

   Facts examined and held to present a question which ought to have been submitted to a jury as to whether plaintiff had or had not been afforded a reasonable opportunity to purchase a ticket at the regular rate before he boarded the train.

FROM the circuit court of Marshall county.

HON. JAMES B. BOOTHE, Judge.

Rivers, the appellant, was the plaintiff, and the railroad company, the appellee, defendant in the court below. From a judgment in defendant's favor, predicated of a peremptory instruction, the plaintiff appealed to the supreme court. The facts are stated in the opinion of the court.

*Smith & Robertson,* for appellant.

The entire case should have been given to the jury to decide the facts and apply the general principles of law, as ought to have been given by the court.

It is the jury's duty to ascertain the facts and apply the law to the facts, as the law on the subject is defined by the court,

and where the evidence is conflicting, a mixed question of law and fact arises. Where there is a conflict as to a material point or when undisputed facts might produce in different minds honestly differing conclusions, it is a question of mixed law and fact. See *Kelly* v. *Miller,* 39 Miss., 17; *Brackenridge* v. *Firchburg,* 145 Mass., 160; *Tolman* v. *Syracuse, etc., R. Co.,* 98 N. Y.; 198; *Penn. R. Co.* v. *Snyder,* 55 Ohio St., 342; *Cook* v. *So. R. Co.,* 128 N. C., 333. The question whether there has been such lapse of time as the law requires, forbids, or bases certain results upon, may be a mixed question of law and fact. 23 Am. & Eng. Ency. Law (2d ed.), 582. Reasonable time—such length of time as may fairly, properly, and reasonably be allowed or required, having regard to the nature of the act or duty of the subject-matter and to the attending circumstances. The term "reasonable time" is relative, and its meaning depends entirely upon circumstances. 23 Am. & Eng. Ency. Law (2d ed.), p. 971.

*W. A. Belk,* on the same side.

It is readily admitted that under the doctrine laid down in *Forsee* v. *Railroad Co.,* 63 Miss., 67, the appellee had the right to make regulations requiring its passengers who had no tickets to pay four cents per mile. But, as said in that same opinion at page 73, "such regulation is invalid and cannot be sustained unless the corporation affords reasonable opportunity and facilities to passengers to procure tickets at the lower rate and thereby avoid the disadvantage of such discrimination."

The question, then, vital to the case at bar is, Did appellee afford the appellant "reasonable opportunity and facilities" to purchase his ticket before he boarded the train?

The jury has had no opportunity of passing on this question of fact. But the court, as we contend, invaded the province of the jury and, from his point of view, decided it for them. There is a sharp and direct conflict in the testimony. A pure question of fact was raised, and the jury, under proper instruc-

tions, should have been left free to have decided it. The case at bar seems to present only another instance where the trial judge has given a peremptory instruction because if he had been on the jury trying the case he would have decided it that way.

But this court has said in *Holmes* v. *Simon,* 71 Miss., 246, "It will not do for the judge to take the case from the jury and decide it himself simply because he thinks it should be decided that way."

"A peremptory instruction to find a certain way is improper unless the court on the evidence would set aside a contrary verdict." *Bernheim* v. *Dibrel,* 66 Miss., 199; *Rhymes* v. *Electric R., L. & P.,* 37 South. Rep., 28. "In granting a peremptory instruction, the court assumes as true all testimony tending to establish the issue in favor of the losing party." *Tribette* v. *Railroad Co.,* 71 Miss., 212; *McCaugn* v. *Young,* 85 Miss., 277.

*J. W. Buchanan,* for appellee.

Code 1892, § 3558, reads as follows: "It is unlawful for a railroad company to collect more than the regular fare charged for a ticket between the same points from a passenger who boards the train at a depot or other place at which the company does not offer tickets for sale." Section 5 of the Railroad Commission Circular No. 82 reads as follows: "Railroads are authorized to collect four cents per mile from passengers paying their fare to conductors, except in cases where no opportunity to purchase tickets has been offered by the road. For five miles or less, where the fare is paid to the conductor, the charge may be twenty cents."

On the question as to a reasonable opportunity for the appellant to purchase his ticket there is no conflict whatever. No one disputes the testimony of appellee's witnesses that the ticket office was open an hour and five minutes before the arrival of the train. No one disputes the fact that the agent had other duties in connection with his duties as agent on the arrival and

departure of trains. And unless this court holds that it was the duty of the railroad company to have an agent in the office for the purpose of selling tickets until the last moment of the departure of the train, the court properly gave the peremptory instruction.

Argued orally by *W. A. Belk,* for appellant, and by *J. W. Buchanan,* for appellee.

Cox, J., delivered the opinion of the court.

Appellant, who was plaintiff below, got upon one of the defendant's passenger trains at Potts Camp, a station upon defendant's road, to go to Holly Springs. Shortly after the train had left Potts Camp, the conductor asked for his fare; not having a ticket, he tendered the regular fare of three cents per mile. This was declined, and the conductor, acting under a rule of the company, demanded four cents per mile. This was unlawful, and the rule, therefore, cannot be sustained in this case, unless appellee had afforded appellant reasonable opportunity and facilities to procure a ticket at the lower rate, and thereby avoid the disadvantage of such discrimination. If appellant endeavored to buy a ticket before he entered the car, and was unable to do so on account of the fault of appellee, its agent or servants, and offered to pay the ticket rate on the train, he had the right to be carried for the regular fare. He explained to the conductor that he had not been able to purchase a ticket, and insisted on his right to be carried at the ticket rate. This demand was ignored, and he was ejected from the train.

This action of the conductor was unlawful, and appellee is liable therefor in damages, if appellant had endeavored, before he entered the car, to buy a ticket, and was unable to do so on account of the fault of appellee, its agent or servants. *Forsee v. Ala. G. S. R. R. Co.,* 63 Miss., 66 (56 Am. St. Rep., 801).

Upon the trial of the case, plaintiff testified upon this point that he went to the depot, and went into the ticket office and

knocked upon the window, knocked on the door, and hallooed, "Give me a ticket;" that he stayed in the depot room some two or three minutes, and when he came out the train was in sight, and was nearly a half mile—more than a quarter mile—off; that it was fully five minutes after he got into the ticket office before the train came into the yards; that the window to the ticket agent's office was down; that he kicked and knocked on the door and nobody responded, and that he failed to get a ticket. Taylor, witness for plaintiff, testified that on the morning in question he was at the depot when plaintiff came, and that plaintiff was at the station five to seven minutes before the arrival of the train, and had plenty of time to get a ticket, and that he went in and asked for a ticket five to seven minutes before the arrival of the train. Stephens, witness for defendant, testified that he recollected Mr. Rivers (plaintiff) coming over to the depot on the morning in question and asking for a ticket; that this was at 8:15, which was about the regular schedule time for the train. Other witnesses say the train was twenty to twenty-seven minutes late that morning, and this is not disputed. Gaulding, appellee's agent at Potts Camp, testified on behalf of defendant that he kept the ticket office open that morning for an hour and five minutes; that he closed it up at eight o'clock and went after the United States mail, was gone about three or four minutes and came back, and was not gone any other time; that he remained in the office until the train came, which was twenty-seven minutes late, when he went out to the train to put on the mail and express and take off any baggage, and to attend to other duties of like character, and that he did not see plaintiff. Lowrey, for appellee, testified that he went with plaintiff to the depot that morning, and that, when they got to the steps there, the train had run up to the station, and the agent was going out down the platform towards the train. Miller testified that Rivers ran into the office just about the time the train stopped, and called for a ticket at the ticket window, and that Gaulding, the agent, had

then gone out to the baggage car. Reid testified, for appellee, that the train was making its way in as plaintiff came over to the depot, and that Gaulding, the agent, went out to meet the train as soon as the engine ran into the station. Stephens testified that, when Rivers knocked at the window and called for a ticket, Gaulding, the agent, was up attending to the mail and baggage. This was substantially the testimony touching the opportunity afforded plaintiff to get a ticket and the effort made by him to get one. The court ordered a verdict for defendant, which is assigned for error.

The instruction should not have been given, but the jury should have been permitted to say, under proper instructions, whether plaintiff had been afforded reasonable opportunity and facilities for getting a ticket, and whether it was through his fault or that of the defendant, its agents or servants, that he failed to procure one. The facts as to the time when plaintiff reached the ticket office, and as to the whereabouts of the train at that time, are in dispute, and the inferences to be drawn from these disputed facts are doubtful. The doubt should be resolved by the jury.

*Reversed and remanded.*