CITY OF FALL RIVER & others *vs.* PUBLIC SERVICE COMMIS-
SIONERS & another, receiver.

Bristol. January 23, 1919. — February 28, 1919.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & CARROLL, JJ.

*Public Service Commission. Constitutional Law.*

Under St. 1913, c. 784, the public service commission has authority to make an order, relating to the transportation of passengers on the city lines of a street railway corporation, requiring the issuing of not less than five tickets or tokens for thirty-five cents as the sole means by which the public can avail themselves of the seven cent fare established by such order and requiring a ten cent fare when paid in cash. Such a regulation is not unreasonable and is lawful.

The provision contained in U. S. Rev. Sts. § 3587, in regard to minor coins being legal tender, has no relevancy to the regulation above described.

The provisions contained in art. 1, §§ 8, 10 of the Constitution of the United States giving Congress exclusive power to coin money and regulate the value thereof and forbidding the States to make anything but gold and silver coin a tender in payment of debts, have no relevancy to the regulation above described in regard to the sale of tickets or tokens receivable for fare on street railway lines.

BILL IN EQUITY, filed in the Supreme Judicial Court on January 7, 1919, by the city of Fall River against the members of the public service commission and the receiver of the property of the Bay State Street Railway Company under St. 1913, c. 784, § 27, alleging that the order of the public service commission, relating to the operation by the defendant receiver of the city lines of the Bay State Street Railway Company, "requiring the purchase of five tickets in order to obtain a seven cent fare and allowing a fare of ten cents to be charged when cash is paid is unreasonable, excessive and unlawful; that it limits and lessens the legal tender character of the coin of the United States; and that it violates the provisions both of the United States statutes and of the

Constitution of the United States relating to the making of legal tender, to the issuing of coin and regulating the value thereof;" and praying "that the order allowing or requiring said charge of a fare of ten cents when the payment is made in cash and requiring the purchase of five tickets to ride at the rate of the seven cent fare shall be stayed, pending a final decision; that the order shall be reviewed, amended, modified and annulled, so that the unlawful part of said order may not be enforced; and that the court grant such further relief as may be meet and just."

The case came on to be heard before *De Courcy,* J., who at the request of the parties reserved it upon the bill and answers for determination by the full court.

U. S. Rev. Sts. § 3587, is as follows: "The minor coins of the United States shall be a legal tender, at their nominal value for any amount not exceeding twenty-five cents in any one payment."

*C. R. Cummings,* for the city of Fall River.

*W. H. Hitchcock,* Assistant Attorney General, for the public service commissioners.

*S. H. Pillsbury & F. B. Greenhalge,* for the receiver.

RUGG, C. J.    It is sought by this petition to annul the portion of the order of the public service commission (discussed at large in *Donham* v. *Public Service Commissioners, ante,* 309), which relates to city lines and requires the issuance of not less than five tickets or tokens for thirty-five cents as the sole means by which the public can avail itself of the seven cent fare there established, and the requirement of a ten cent fare when paid in cash.  Such an order is within the scope of the authority conferred by St. 1913, c. 784, upon the public service commission.  The order itself is not irrational.  It is open to no objection in law.  *Donham* v. *Public Service Commissioners, ante,* 309.

In our opinion no federal question is presented on this record. There is no attempt to make anything else than silver or other coin or money of the United States legal tender.  The fare is fixed by the order of the public service commission.  If cash is offered and not a ticket, ten cents is required.  That may be paid in legal tender.  If a ticket is presented, it also is to be accepted.  But there is no obligation to present anything except legal tender in payment for the fare.  Manifestly U. S. Rev. Sts. § 3587, to the effect that minor coins of the United States shall be legal tender,

has no relevancy to such transactions as are here contemplated. Art. 1, § 8 of the Constitution of the United States, conferring upon Congress exclusive power to coin money and regulate the value thereof, and §10, forbidding the States to make anything but gold and silver coin a tender in payment of debts, appear to us to be equally irrelevant. See *Swan* v. *Manchester & Lawrence Railroad,* 132 Mass. 116, and *Pennsylvania Railroad* v. *Towers,* 245 U. S. 6.

*Petition dismissed.*