Indianapolis, Bloomington and Western Ry. Co.

*v.*

Samuel H. Birney.

71 391
24a 467
71 391
35a 571
71 391
49a 448
51a 311
71 391
48a 250

1. Damages—*must flow from and be the immediate result of the injury complained of.* A party suing for an injury received can only recover such damages as flow from and are the immediate result thereof. Damages produced by other agencies than those causing the injury, or even by agencies remotely connected with those causing the injury, can not be awarded as proximate or proper compensation.

2. Where speculation or conjecture has to be resorted to, for the purpose of determining whether the injury results from the wrongful act or from some other cause, damages can not be allowed for such injury.

3. Where a railroad train wrongfully fails to stop to take on a passenger, he is entitled to recover nominal damages, and such actual dam-

ages as he may sustain by reason of the delay, but he has no right to inflict injury on himself to enhance the damages.

4. And where, in such a case, the passenger, instead of procuring a comfortable and safe conveyance to the place he desired to reach, or waiting a few hours for another train, went there on foot, unnecessarily, and thereby brought on sickness, he was not entitled to recover damages on account of such sickness.

5. Instructions. It is proper to refuse an instruction where there is no evidence in the case tending to prove the facts upon which it is predicated.

Appeal from the Circuit Court of Champaign county; the Hon. A. J. Gallagher, Judge, presiding.

Mr. J. C. Black, for the appellant.

Messrs. Somers & Wright, for the appellee.

Mr. Justice Walker delivered the opinion of the Court:

We perceive nothing in this case to take it out of the general rule, that a party suing for an injury received can only recover such damages as flow from and are the immediate result of that injury. Damages produced by other agencies than those causing the injury, or even by agencies remotely connected with those causing the injury, can not be awarded as proximate or proper compensation, but only where the injury flows from the wrongful act as its natural concomitant, or as the direct result thereof. Where speculation or conjecture has to be resorted to, for the purpose of determining whether the injury results from the wrongful act or from some other cause, then the rule of law excludes the allowance of damages for such injury.

Did the sickness and loss of time proved in this case naturally result from the failure of the train to stop for appellee? That is the only wrongful act charged to appellant. The walk by appellee to the next station was not a natural sequence to the failure of the agents of the company to stop the train for him to get aboard. That he should be delayed

in reaching that point was a natural consequence, as there was no other known means by which the space could be overcome in so short a time as by a train of cars; but that appellee should walk through the extreme cold to that point, and thus injure his health, was by no means a necessary result. He had his option to remain five or six hours, and take the next train, or procure a horse, or a horse and carriage, and thus have arrived much sooner, and all persons of even small prudence and judgment know, with less exposure to his health; and, being a physician, he must have known that he was incurring increased hazard to his health when he determined to walk instead of riding, and that he was incurring a large amount of discomfort, when, by awaiting the next train or procuring a vehicle and horse, he could have gone in comparative comfort and free from risk to his health.

Had he procured a carriage and horses to make the trip, the company would no doubt have been liable for reasonable compensation for its use and for a driver, or had he awaited the next train, and gone on it, he would have been entitled to nominal damages at least, and could have recovered for all such actual damages as he could have proved in the way of necessarily increased expenses whilst awaiting the arrival of the train, and loss by being unable to visit patients who required his medical advice, or injury or loss he may have actually sustained in his business, occasioned by the delay; but he had no right to inflict injury upon himself to enhance damages he sought to recover from the road. Having been wrongfully left by the train, if he supposed his business was so urgent as to prevent his awaiting the next train, he should have used all precautions in so making the journey as to produce the least injury to himself that reason would dictate. He had no right to act with recklessness or wantonly, and then claim compensation for the injury thus inflicted. Had he attempted to walk to the next station barefoot, and his feet had been frozen, would any sane man believe he could have recovered for such injury? We presume not, because

all would say that it was voluntary wantonness. Then, if two other modes presented themselves, almost perfectly safe from injury, as was the case here, and another, attended with great hazard from the exposure to extreme cold and over-exertion, as all reasonable persons must know, why should he be rewarded for disregarding his safety and the consequent injury? The injury by journey on foot was unnecessarily incurred—was not the necessary consequence of being left by the train, but was unnecessarily, if not recklessly, induced. It was the improper, voluntary act of appellee, and for it he has no right to recover. He must be confined to the proximate and natural damages resulting from the wrong of the company. This act is as disconnected from the wrong of the company as would have been a loss by a robbery on his way to the next station, or the destruction of his house by fire after he was left by the train and before he reached home, as it might be inferred by a lively imagination that neither would have occurred, or they could have been prevented, had he reached home on the train that failed to stop for him.

The court erred in refusing to permit appellant to prove that appellee could, had he desired, have procured accommodations until the next or other train should pass to Urbana, or could readily have procured a conveyance for the purpose.

From what has been said, it will be seen that appellee's instructions, which inform the jury that the sickness was caused by the walk to Urbana, were wrong, and should not have been given; and we have examined the evidence in vain to find anything on which to base the instruction that the jury might consider any insult or indignities offered to appellee, in estimating the damages. There is not a particle of evidence that any employee of the road said one word to appellee or did anything to him, or even saw him or knew he was there. Under such circumstances, it is impossible to rightfully say or infer that he was insulted or indignities were offered to him. It would be a perversion of language to say

there was. This instruction had no evidence authorizing it to be given.

For the errors indicated, the judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*