A. D. CHRISTY, Appellant, v. PERRY B. HUGHES, Respondent.

### Kansas City Court of Appeals, January 10, 1887.

DAMAGES—NEGLIGENCE—CHARACTER OF AS TO LIABILITY IN.—In the action for *consequential* damages resulting from the *negligence* of the defendant, it devolves on the plaintiff to show that there was such connection between the negligent act and the injury as to bring it within the reasonable contemplation of the actor that such injury would naturally and probably result from such act, and such as ought to have been foreseen by the defendant as likely to flow from his act.

APPEAL from Putnam Circuit Court, HON. ANDREW ELLISON, Judge.

*Affirmed.*

The case is stated in the opinion.

G. W. BARNETT, for the appellant.

I. The court erred in giving the instruction in the nature of a demurrer to plaintiff's evidence, as there was evidence tending to show negligence on the part of the

defendant; and evidence tending to prove the allegations of the petition, and the damages are not too remote. *Morgan v. Cox*, 22 Mo. 374; *Brown v. Railroad*, 50 Mo. 461; *Walsh v. Transportation Co.*, 52 Mo. 434; *Meyers v. Railroad*, 59 Mo. 223; *Conway v. Reed*, 66 Mo. 346.

II.   The court should never withdraw the case from the jury when the plaintiff offers any evidence tending to prove the issues on his part.   *Wells v. Lea*, 20 Mo. App. 352.

No brief for the respondent.

PHILIPS, P. J.—This action was instituted in a justice's court.   The statement is as follows:

"Plaintiff states that on the —— day of February, 1883, he was the owner of and in possession of a certain Berkshire sow of the value of twenty-five dollars; also a certain spotted sow shote of the value of five dollars, and that said hogs were running at large upon the commons, and that said hogs stayed at and near plaintiff's premises and slept under the building known as the Masonic hall, in Unionville, Missouri, said hall being then open to the commons, and stock running at large having access thereto, and afterwards, to-wit: On or about the —— day of February, 1883, the defendant entered into the lower story of said hall and took possession of the same and did then and there deposit grass seed in said building until the floor of said building was sprung and about to give away.   And the defendant was warned of said fact and notified to remove the immense weight; but the defendant, still persisting in his course in placing still more weight upon said floor, thereby wilfully, carelessly and negligently broke down said lower floor of said hall, and in so doing did kill plaintiff's hogs aforesaid to his, the plaintiff's, damage in the sum of thirty dollars, for which he asks judgment."

On the trial, on appeal in the circuit court, the plaintiff testified as follows:

"I was the owner of the two hogs in controversy. Hogs were allowed to run at large on the commons at the time the defendant was cleaning up seeds, and had a large amount of seed stored in the lower room of the Masonic hall, near where I live; my hogs were running at large and the hall was not fenced. The east and south side of the hall were open underneath, and was from two to three feet from the ground on the south side where it was open, and a great many hogs would frequent the place and lie under the hall. I knew my hogs slept under the hall, but I did not know the lower floor was weak. I thought it was all right. I had two hogs killed by the falling of the lower floor, on account of the immense weight that had been placed there by the defendant. The two hogs were worth about twenty-nine or thirty dollars; one of them was a fine Berkshire sow. She was worth at least twenty-five dollars."

The only other evidence was as to the value of the hogs, and that the defendant was notified of the fact that he was overweighting the floor.

To this evidence the court sustained a demurrer, and directed a verdict for the defendant. The plaintiff has appealed.

I.  In the action for consequential damages resulting from the negligence of the defendant, it devolves on the plaintiff to show that there was such connection between the negligent act and the injury as to bring it within the reasonable contemplation of the actor that such injury would naturally and probably result from such act, and such as ought to have been foreseen by the defendant as likely to flow from his act. As stated by the authorities: The tort-feasor is to make reparation for such losses consequent upon his wrongful act as might reasonably have been expected under the particular circumstances to ensue; "such as according to common

experience and the usual course of events might reasonably be anticipated."

This is the almost universally recognized rule. Sutherland on Dam. 21-57 ; *Hoag & Algers v. Railroad,* 85 Pa. St. 293-298; *Railroad v. Birney,* 71 Ill. 391 ; *Railroad v. Kellogg,* 94 U. S. 475 ; *Tuetin v. Hurley,* 98 Mass. 211 ; *Brink v. Railroad,* 17 Mo. App. 199 ; *Gilliland v. Railroad,* 19 Mo. App. 412.

We had occasion in *Brown v. Railroad* (20 Mo. App. 223) to consider and apply the foregoing rule. Applying the principle to the facts of this case we can see no necessary, reasonable, or probably connection between the act of defendant and the injury to plaintiff's hogs.

It is not even averred in the statement that defendant had any knowledge or notice that the hogs were under the house at the time of the overloading the floor of the building, or that he had any notice that they were in the habit of sleeping there. Nor did the evidence disclose any such notice to defendant.

The hogs were not under this house by any license from the proprietor, nor by any public right. They were on private property, without the owner's consent or knowledge. For breaking the floor of the building the tenant might be answerable to his landlord ; but as he owed no duty to the public generally as to how he loaded this floor, and had no knowledge of the presence of plaintiff's hogs, he cannot be held to have reasonably anticipated their presence. It was entirely too remote. We know of no reported case or authority supporting such action.

The demurrer to the evidence was properly sustained.

The judgment of the circuit court is, therefore, affirmed. All concur