Chicago, Burlington & Quincy Railroad Company

v.

Abram Wilson.

*Railroads—Passengers—Extra Charge for Want of Ticket—Ejection for Refusal to Pay—Instructions.*

1. In the absence of wanton or wilful misconduct on the part of the railroad conductor, in ejecting a passenger from a train, upon his refusal to pay extra fare for want of a ticket, such passenger can not recover for personal injuries caused by his own resistance, although he was not ejected at a station or usual place for receiving and discharging passengers.

2. It is the duty of a passenger peaceably to submit to the commands of the conductor, though wrongful, his remedy being an action for damages.

3. In the case presented, it is *held:* That an instruction authorizing a

recovery by the plaintiff for damages caused by violence made necessary by his own misconduct, was erroneous; and that another instruction, touching an alleged excess of force in removing the plaintiff from the defendant's train, omits the qualification that such force was used wantonly and wilfully.

[Opinion filed May 27, 1887.]

APPEAL from the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding.

Messrs. RICHOLSON & GENTLEMAN and O. F. PRICE, for appellant.

Messrs. L. W. BREWER and DUNCAN & O'CONOR, for appellee.

LACEY, J.   This was an action on the case brought by appellee against the appellant, to recover damages from the appellant, on account of being expelled from the railroad train of the latter while he was on it as a passenger between the station of Leland and Earlville, en route to the latter point, in April, 1880.   The verdict and judgment of the court below was $500 against the appellant.

It appears that the appellant had a rule that tickets must be purchased by any person who proposed to ride on any of its freight trains as a passenger, such as the one the appellee was on, and on failure to do so an extra charge of ten cents for each fare would be charged.   The appellee was aware of the existence of this rule, having read appellant's notice to that effect stuck up in the station house of appellant.   Notwithstanding this fact the appellee neglected to purchase a ticket, although he had ample time and opportunity to do so before taking passage on the train, and went on board of the train at Leland station without a ticket.   When the train started and the conductor called for "tickets" appellee handed him twenty-five cents for fare, the price of the ticket for the proposed journey, if one had been purchased at the station.   The conductor at first took the money, but as soon as he examined his card of rates and found that if cash was

C., B. & Q. R. R. Co. v. Wilson.

paid the fare was ten cents more, he demanded an additional ten cents, which the appellee refused to pay. After some parley, the conductor told him he would have to put him off the train unless he paid the ten cents more, and he would back the train to Leland, which was some mile and one half distant, and put him off. Appellee told him that if he backed him to Leland station he would get off. The train was then backed to within about eighty rods of the station at Leland and then stopped, and the appellee refusing to get off or pay the additional ten cents, the conductor summoned his brakeman, and the two forcibly ejected appellee from the train, he making stout resistance, and being somewhat injured in his shoulder in consequence of the scuffle he had with the conductor and brakeman while being expelled from the train. While going back to Leland the conductor had returned him the twenty-five cents spoken of.

These are substantially the facts in the case. The appellant objects to the first and second of the instructions given by the court to the jury on behalf of appellee, and also that the damages are excessive, and also makes objections to the admission of evidence on the part of appellee and a variance between the proof and declaration. As to the admission of appellee's evidence, complained of, we would not deem the errors, if any, of sufficient importance to cause reversal, and we perceive no variance between the proof and declaration. We will then proceed to notice the other errors assigned.

The first instruction, after reciting the facts as above set forth, proceeds to tell the jury that if, "while the plaintiff was conducting himself in a quiet and orderly manner, they forcibly ejected and discharged him from off the said train down and upon the ground in a violent and harsh manner, and that in ejecting and discharging said plaintiff from said train his shoulder was bruised and injured, then they will find for the plaintiff and assess his damages in such an amount as they should find from the evidence that he is entitled to, provided, however, they further believe from the evidence that the place at which plaintiff was so ejected and discharged from said train was not at a regular station or usual stopping place for receiv-

ing and discharging passengers on said railroad from its freight trains."

We think it fairly appears from the evidence that the appellee received no injury which was not reasonably caused by his own misconduct in resisting the conductor and brakeman in putting him off. Nor did the conductor use more force than was necessary to accomplish that end, nor did the conductor act in a malicious and wanton manner. We think the evidence shows that the place where the appellee was ejected from the train was not at the station nor at the usual place of receiving and discharging passengers by freight trains at that station. It was some eighty rods distant, at the very fore end of the switch from the depot, a place at which, so far as the evidence shows, no one was ever received or discharged as a passenger.

The statute, then, was violated in putting off appellee at that point. But did this fact authorize the appellee to forcibly resist the conductor in putting him off at that point and oppose force to force, and in case he received injury in so doing, did it entitle him to recover damages on account of the same? The Supreme Court of this State has decided that it is the duty of the passenger to peaceably submit to the commands of the conductor, no difference whether he is in the right or wrong, and that the passenger's only remedy is in the court; that if he does resist he can not recover damages for injuries received at the hands of the conductor caused by his own resistance, unless the expulsion was malicious or wanton. In Penn. R. R. Co. v. Connell, 112 Ill. 295, it is said, under similar circumstances as exist in this case : " When he refused to leave the train and thus compelled the conductor to resort to force, he can not recover for an injury which he voluntarily brought on himself. It was his duty to leave the train in a peaceable manner, and hold the company responsible for the consequences, rather than resist or undertake to retain his place on the train by force."

The first instruction it will be seen allows and authorizes the jury to find damages for appellee caused by violence made necessary by his own misconduct in resisting. In this partic-

ular the instruction of the court was erroneous and should not have been given.

If the appellee was put off at a station wrongfully, or if he was expelled at a place other than at a station or usual place of discharging and receiving passengers, he has a right to recover such consequential damages as he has received, and may recover exemplary damages unless his own misconduct and wrong was the cause of his being expelled, in the absence of wanton and malicious conduct of the officers making the expulsion.  C., B. & Q. R. R. Co. v. Griffin, 68 Ill. 499; C. & A. R. R. Co. v. Flagg, 43 Ill. 364; I. C. R. R. Co. v. Johnson, 67 Ill. 312; C. & A. R. R. Co. v. Roberts, 40 Ill. 503.    It will be seen by these authorities the appellee could not recover for personal injuries caused by his own resistance in the absence of wanton or wilful misconduct on the conductor's part, of which there is no proof, and he can not recover exemplary damages for the indignities on account of being put off the train at a place other than the station or place of discharging or receiving passengers, on account of his own wrong in not paying the extra ten cents or in not purchasing a ticket at the station.    How easily the appellee could have avoided all his trouble and inconvenience and humiliation in being put off the train by simply doing what was right and what the law compelled him to do, paying the insignificant sum of ten cents. If a man will thus act and receives indignity and humiliation in consequence, he should be compelled to charge it to his own account, and accept it with the best grace possible.    It should be a wholesome and valuable lesson to him in the future.

The second instruction omits the qualification that the conductor and brakeman used the excess of force wantonly and wilfully and we fail to find from the evidence that any unnecessary force was used to put appellee off.    It is true one witness says that one of the parties kicked appellee but he is entirely, and as we think successfully, contradicted.

Even appellee does not claim he was kicked, and no injury is claimed to result from any kick.

The appellee not being entitled to recover for any injuries

caused by violence, could not recover for anything save actual damages, whatever they might be, and in the absence of actual damages, nominal damages.

It will not be necessary to discuss the refusal to give appellant's refused instructions, as what has been decided will. be sufficient guide to the court as to instructions on the other trial if there should be one. The judgment is reversed and cause remanded.

*Reversed and remanded.*