CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY

V.

JAMES BRISBANE.

*Railroads—Tickets—Failure to Procure—Extra Fare—Instructions—Duplicates—Remote Damages.*

1. Railroad companies are required to keep their offices open for the sale of tickets to passengers for a reasonable time before the departure of each train and up to the published time for its departure, but not up to the time of actual departure.

2. If convenient and reasonable opportunity to purchase tickets is afforded the public, extra fare may be charged such as do not avail themselves thereof. A passenger refusing to pay the extra fare under such circumstances may be ejected from the train.

3. A demand for fare by the conductor of a passenger train must be obeyed or the passenger must, at the conductor's request, leave the train in a peaceable manner. If he refuses so to do, he can not recover damages for the use of necessary force in ejecting him from the train, unless the expulsion was malicious or wanton.

4. In the case presented, it is *held:* That certain instructions given for the plaintiff were improper; that the instruction touching the assessment of punitive damages was erroneous because not based on the evidence; that an instruction to the effect that the plaintiff might recover for the feelings of shame and humiliation which he endured in consequence of being put off and expelled from a public conveyance, was erroneous; that the court erred in refusing certain instructions; that the plaintiff was not entitled to recover the remote damages caused by his walk of several miles to another station, when he might have returned a short distance to the station from whence he started; and that it does not appear that the conduct of the conductor was wanton or malicious.

5. It is proper to refuse an instruction which is substantially identical with another which is given.

[Opinion filed December 9, 1887.]

APPEAL from the Circuit Court of Will County; the Hon. CHARLES BLANCHARD, Judge, presiding.

Messrs. THOMAS F. WITHROW, JAMES C. HUTCHINS and SNAPP & SNAPP, for appellant.

Messrs. HIGGINS & AKIN, for appellee.

BAKER, J. It is six miles and a fraction from the station of New Lenox to Joliet, on the line of appellant's railway; and on the first day of June, 1886, the ticket fare from the one place to the other was 19 cents, and the train fare without a ticket was 29 cents. On the morning of the day indicated James Brisbane, appellee, arrived at the first named station at or about the time the train locally known as the 10:44 train stopped at the depot. He was desirous of procuring a ticket for Joliet, but the ticket office was closed, and he was unable to do so. Having business at Joliet, he got on the train without a ticket, and the train almost immediately thereafter pulled out from the station. In two or three minutes the conductor came along and demanded his

ticket, or in lieu thereof 29 cents fare to Joliet. Appellee had no ticket, but stated the circumstances and refused to pay more than 19 cents. Thereupon, the conductor, after some little altercation between them, stopped the train and put him off the cars at a place about a quarter of a mile from New Lenox depot. Brisbane's residence was about half a mile east of the depot. He did not go home for a horse and conveyance which he had there, but walked to Joliet, and being troubled somewhat with asthma, his bodily health was injured by such walk, and he felt the evil effects for two or three days.

In this suit against the railway company to recover damages for the tort in thus ejecting him from the train, Brisbane had a verdict and judgment for $150. The facts with reference to the walk to Joliet and the consequent bodily injury were permitted by the court to go to the jury over the objections of appellant.

Numerous points are urged against the rulings of the court upon the trial; and a portion only of these it is deemed expedient to notice.

In the case of the St. L., A. & T. H. R. R. Co. v. South, 43 Ill. 176, the prior cases of C., B. & Q. R. R. Co. v. Parks, 18 Ill. 460, and St. L., A. & C. R. R. Co. v. Dalby, 19 Ill. 353, were qualified and explained, and it was there held that railroad companies are required to keep open their office for the sale of tickets to passengers for a reasonable time before the departure of each train and up to the time fixed by its published rules for its departure, but not up to the time of actual departure; and also held that if convenient and reasonable opportunity to purchase tickets is afforded the public, and parties do not avail themselves of it, then such parties are alone at fault, and must pay the extra fare demanded on the cars, or, on refusal, may be ejected from the train. The evidence in the case under examination tends strongly to prove that the 10:44 train was late in its arrival at New Lenox that morning and that the ticket office was open for the sale of tickets until after the expiration of the time fixed and advertised for the departure of the train. By the 3d, 5th and 6th instructions given

at the request of appellee it was required of appellant that it should have kept its office open for the sale of tickets up to and until the departure of the train. They were, under the authority cited, very clearly erroneous.

There was also further error in the 6th instruction, for the reason that it allowed the jury to assess punitive damages in addition to actual damages, if they believed from the evidence that "the conductor in ejecting plaintiff from the train used unreasonable force or violence." There was no evidence upon which to base such instruction, or make the claim that unreasonable or unnecessary force and violence were used.

According to the testimony of the conductor and the brakeman, the only force used was that the former put his hand on Brisbane's shoulder, after he had declared he would not pay the fare demanded, and told him that he would have to pay his fare or get off the train, and that thereupon he got up and walked out of the car. According to the testimony of appellee himself, he refused to comply with the request of the conductor that he should leave the car, and the latter had to use force and violence in getting him up from the seat, and had to drag him out of the seat and shove him toward the door. There was nothing in this proving or tending to prove that more force was used than was necessary to eject him, or that the force or violence was unreasonable.

The 5th instruction, likewise, seems to be erroneous in respect to a matter other than that already mentioned with reference thereto. As it was no breach of duty to the public or wrong to appellee that the railroad company did not keep its office open for the sale of tickets up to the time of the actual departure of the train, it follows that the only actionable tort stated in said instruction was that appellee was ejected from the train at a place other than a regular station. Yet, the court told the jury that in assessing damages they might "also compensate the plaintiff for the feelings of shame or humiliation which he endured in consequence of being put off and expelled from a public conveyance.

The only point, under the instruction, in regard to which the rights of appellee were violated, was that he was put off

the cars a quarter of a mile from the depot instead of at the depot or regular station.   In the case stated by the instruction appellant had a legal right to subject him to the indignity of an expulsion from the train, and the shame and humiliation consisted in being removed from the cars, and not in the place of removal.

The mortification of being put off the cars at a regular station in the presence of bystanders would undoubtedly have been as great as that caused by being ejected therefrom eighty rods from such station.   Under the hypothesis submitted to the jury, appellee was entitled to recover only the damages occasioned by the fact that he was put off at the place he was, instead of at the depot.   C., B. & Q. R. R. Co. v. Parks, 18 Ill. 460.

The court refused the motion of appellant to instruct the jury that the plaintiff should not be allowed to recover compensation or damages in consequence of walking to Joliet after being put off the cars.   This action of the court was erroneous, as also were its rulings in admitting in evidence and afterward overruling the motion to exclude from the jury the testimony to which the instruction referred and upon which it was based.   Appellee was only entitled to recover such damages as naturally flowed from and were the direct result of the wrong done him.   His walk of over six miles to Joliet was not the natural consequence and natural result of the tortious act of putting him off the train a quarter of a mile from New Lenox depot.   He might have walked back to the village, and there either have taken the next train or hired a conveyance to Joliet; or he might have walked three quarters of a mile to his own home, and there procured his horse and top wagon for the journey.   His walk to Joliet was his own voluntary act, and not the proximate and necessary result of his ejectment from the cars.   He was in poor health and troubled with the asthma, but whether in such condition or not he had no legal right to injure his bodily health by a voluntary and unnecessary walk of six miles and over, and then call upon the appellant to compensate him in damages for such injury.   Such element of damage is too remote and can not be recovered.   I., B. & W. R'y Co. v. Birney, 71 Ill. 391.

The 8th, 9th and 10th refused instructions were substantially. alike in legal principle, and it was not the duty of the court to incumber the record with instructions which were, in effect, mere repetitions of each other. The court, however, should have given one or another of these instructions. The necessary protection of the lives, safety and comfort of the traveling public demands that the conductor of a passenger train should have the supervision and control of his train. It is the doctrine, as held in this State, that a demand on the part of a passenger conductor for fare must be obeyed, or else the passengers must, at the request of such conductor, leave the train in a peaceable manner. In either event, if he is wronged, he may seek and get redress in the courts. He can not, in case he makes resistance, recover damages for necessary force used by the conductor in ejecting him from the train, unless the expulsion was malicious or wanton. C., B. & Q. R. R. Co. v. Griffin, 68 Ill. 499; Pennsylvania R. R. Co. v. Connell, 112 Ill. 295.

The circumstances of the case in hand exclude any theory that the conduct of the conductor was wanton or malicious. The instructions were expressly limited to personal injury received while being removed from the car, and were based upon the hypothesis that the jury believed from the evidence that the conductor used only reasonable and necessary force in ejecting appellee.

For the errors indicated herein the judgment is reversed and the cause remanded.        *Reversed and remanded.*