City of Jacksonville v. Doan.

48    247
145s    23

## City of Jacksonville v. Doan.

1. *Instructions—Nuisances.*—In an action to recover damages resulting from the discharge of offensive matter from a sewer into a creek, an instruction which states that if there were obstructions in the creek below the mouth of the sewer, and that such obstructions caused offensive matter to remain in said creek and caused damage to the plaintiff, etc., is erroneous because it is not limited to the obstructions on the plaintiff's premises, or such as were made by him or were under his control.

2. *Damages, Speculation, etc.*—A recovery is denied only when speculation or conjecture has to be employed to determine whether the injury is the result of the wrongful acts charged in the declaration or from some other cause.

3. *Nuisances—Distinct Damages.*—If the principle that a person can not recover for damages resulting from the offensive discharge from a sewer, unless it appears that he has suffered damage different and distinct from that sustained by the general public, is conceded to be in the abstract correct, it has no application to a case where sewage is discharged in the immediate vicinity of the plaintiff's dwelling, and the effluvia permeates his dwelling, nauseating and sickening its inmates. Such an injury, and the consequent damages, are special to the plaintiff, and entirely distinct from what the public may have suffered in a general way from the same cause.

**Memorandum.**—Action for damages resulting from offensive discharges from a sewer. Appeal from a judgment for $260 in favor of the plaintiff, rendered by the Circuit Court of Morgan County; the Hon. CYRUS EPLER, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892, and affirmed. Opinion filed October 17, 1892.

### APPELLEE'S STATEMENT OF THE CASE.

This suit is for damages resulting from the act of the city of Jacksonville, in discharging from its sewers large quantities of sewage into Mauvaisterre creek and then upon the premises of appellee, in such proximity to his dwelling house that the stenches arising from the putrid mass filled his house and premises and destroyed the comfort and menaced the health of himself and family.

M. T. LAYMAN, OWEN P. THOMPSON and F. H. ROWE, attorneys for appellant.

JOHN A. BELLATTI, counsel for appellee.

OPINION OF THE COURT, *the Hon. Carroll C. Boggs, Judge.*
This action was brought by the appellee to recover damages resulting from the discharge of offensive matter from a sewer of the city into Mauvaisterre creek, in the immediate vicinity of the dwelling house of the appellee, from which arose unwholesome and foul odors and stenches, permeating and infecting appellee's home, rendering it uncomfortable,

City of Jacksonville v. Doan.

and endangering the health of himself and his family.   A trial before a jury resulted in a verdict and judgment for the appellee in the sum of $260, from which this appeal.

The action of the court in refusing certain instructions asked by the appellant constitutes the ground of alleged errors.   The first of these refused instructions is as follows:

"That if the jury believe from the evidence that there were obstructions in the Mauvaisterre creek below the mouth of Church street sewer, and if they believe that such obstructions caused offensive matter to remain in said creek and cause damage to the plaintiff—if they believe that he received injury, then the plaintiff can not recover from the city of Jacksonville any damage that may have been caused by such obstructions."

Appellant's counsel contend that there was evidence tending to show that on appellee's land, below the mouth of the sewer, a fence had been constructed across the bed of the creek, and that drift wood collected in the creek there on appellee's premises, which stopped the flow of water, and prevented, or assisted in preventing, the escape of the sewage, and insist that this instruction should have been given, because, as they say, "A plaintiff can not cause or materially contribute to an injury to himself and then make another liable for such injury."   There is evidence tending to show (and indeed a preponderance, as we think,) that the fence referred to was not upon the premises of the appellee, nor under his control, and that he had no part in its construction.   In such state of case, the instruction ought not to have been given, because it is not limited to obstructions on the premises of appellee—not to such as were made by him or were under his control; but rather invited the jury to wander beyond the evidence to find a ground of defense.

The question of whether a city is to be held liable if sewage, which would otherwise pass away with the waters of a stream, is obstructed and detained by the act of persons other than the person injured thereby, does not arise under the pleadings and proof in this case.   Complaint is made that the court refused to give the following instruction:

" The court instructs the jury that the plaintiff can not recover in this case for speculative damages, and if speculation or conjecture is resorted to for the purpose of determining whether the alleged injury results from the wrongful act of the defendant, or from some other cause, then the plaintiff can not recover for such injury."

It is abstractly true that if mere speculation and conjecture *must be* resorted to in order to determine whether an injury results from the act complained of, or from some other cause, damages can not be allowed for such injury. That is to say, a recovery can be had only when it is shown that the injury flows from the wrongful act as the direct result thereof.

This principle is clearly and repeatedly stated in other instructions given to the jury on behalf of the appellant, and by the sixth instruction also, given for the city, the jury were expressly told that they must be governed sloely by the evidence, and that they had no right to indulge in speculation or conjecture not supported by the evidence. Moreover, it is not strictly accurate to say that a plaintiff can not recover " if " speculation or conjecture is resorted to. Recovery is only denied when speculation or conjecture " has to be " employed, to determine whether the injury is the result of the wrongful acts charged in the declaration, or from some other cause. To this effect, I. B. & W. R. R. v. Birney, 71 Ill. 391.

Complaint is made of the refusal of the court to give two other instructions asked by the appellant, the effect of each being that no recovery could be had unless it appeared that the appellee suffered damages different and distinct from the damage sustained by the general public. If the principle thus announced is conceded to be, in the abstract, correct, as to which we express no opinion, yet it was not error to refuse these instructions. The declaration and proof offered in its support is that the sewage was discharged in the immediate vicinity of the appellee's home, where he and his family resided, and that the effluvia therefrom, by reason of the proximity of the mouth of the sewer,

reached and permeated his dwelling, and nauseated and sickened its inmates. Such an injury, and the consequent damages, were special to the appellee, and entirely distinct and separate from what the public may have suffered in a general way, though from the same cause.

There was no occasion for advising the jury as to a rule or principle of law that had no application to the case in hand.

We do not think the alleged errors well assigned, but believe the judgment is just and lawful, and should be and is affirmed.