## Chicago, Milwaukee & St. Paul Ry. Co. v. Martin Doherty, by S. W. Herdle, his Next Friend.

1. RAILROAD COMPANIES—*Ordinary Care in Removing Trespassers.*— The fact that a boy is wrongfully upon an engine does not exempt the engineer from the exercise of ordinary care for his safety in his efforts made to get him off.

2. MASTER AND SERVANT—*Scope of Employment—Liability.*—Placing an engineer in the management and control of an engine implies, in the absence of proof to the contrary, power to keep trespassers off from it, and in so doing, the engineer must be presumed to have been acting within the scope of his employment.

3. CARE—*Exercise of, etc.—Age Considered.*—In considering the conduct of a trespasser, his age must be taken into account, such as the indiscretion and venturesome disposition characteristic of boys and the like.

4. PLEADING—*Averments of Care in Trespass.*—When the declaration is in trespass for an assault, no averment of care on the part of the plaintiff for his own safety, is necessary.

5. ARREST OF JUDGMENT—*One Good Count, etc.*—A motion in arrest of judgment for a defective declaration can not prevail where there is one good count in it.

C., M. & St. P. Ry. Co. v. Doherty.

Memorandum.—Action for personal injuries. In the Circuit Court of Kane County; the Hon. HENRY B. WILLIS, Judge, presiding. Declaration in case, with a count in trespass, etc. Pleas, not guilty; trial by jury; verdict for plaintiff, $10,000; judgment; error by defendant. Heard in this court at the December term, 1893, and affirmed. Opinion filed May 22, 1894.

The opinion states the case.

E. WALKER, BURTON HANSON and E. C. LAVELL, attorneys for appellant.

CYRUS J. WOOD and WILLIAM E. HUGHES, attorneys for appellee.

MR. JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

In this suit appellee, suing by his next friend, recovered a judgment against appellant for damages sustained in being run over by freight cars of appellant, whereby his right hand was cut off, and he was permanently crippled in his left arm and hand.

The first proposition insisted upon for a reversal of the judgment is, that the evidence does not support the verdict. The accident occurred about six o'clock in the afternoon of May 20, 1892, on a track of the defendant, in a street known as the Bloomingdale road, in the city of Chicago, along which the track ran.

The plaintiff, a boy nine years old, was on the sidewalk south of the track, going west toward Edgar street where he lived, when a train of the defendant came along the track from the east, moving slowly west in the direction that plaintiff was going. The train consisted of an engine and forty-seven cars. The engine was a switch engine, especially constructed for switching and moving cars in yards, and was taking the cars to Western avenue. At each end of the engine there was a foot-board a few inches above the rails, twelve or fourteen inches wide, running across the end of the engine, for the use of switchmen to get on and off from and to stand upon, and above the foot-board there was

a hand rail to take hold of. The engine was going backward, and the train of cars was coupled to the front end, so that the foot-board at that end was between the freight cars and the engine. There was a boy standing on this foot-board, and as the train came along, plaintiff also stepped upon it.

The engine was working hard, and going so slowly that plaintiff had no difficulty in getting upon the foot-board. Other boys ran along the engine to get on, but the engineer turned the cylinder cocks and blew out steam which frightened them away. The engineer also ordered the plaintiff to get off, and leaned out of the cab and said, " Get off you little rascal," or words to that effect.

The plaintiff moved nearer the center behind the boiler-head, out of sight of the engineer, but looked around the boiler-head and made a gesture of derision with his hand which was well calculated to irritate the engineer, who then asked a person in the engine for some coal. In response to his request three small pieces of coal were handed to him, one of which he threw out of the cab window, and the others were thrown back on the tank. Nothing more was seen of the plaintiff until the engineer saw a woman looking in horror under the cars and at him, when he stopped the train, and it was found that plaintiff was under the train and that six or seven cars had passed over him. Plaintiff testified that the engineer struck him in the forehead with a piece of coal, which was thrown at him, and knocked him from the foot-board under the train. The engineer testified that he did not throw the coal at the plaintiff, but that he gave it a toss out of the window and did not pay any attention where it went. Two switchmen who were on the engine, one of whom handed the coal, testified that the engineer had his arm out of the cab and made a throwing motion as if throwing at plaintiff. The claim was made by plaintiff at once when he was picked up, that the engineer struck him with brick or coal, and there was a bruise on his forehead which was very sore. When the evidence is all considered, there can not be much doubt that

the engineer threw the coal at plaintiff and struck him. It is said that the lump of coal was small, between the size of a hickory nut and walnut, but there is little certainty as to its exact size, and if it was thrown with much force, as it probably was under the provocation given, it was doubtless large enough to produce, at short range, upon the head of a child, the result that was claimed. No doubt the engineer did not think of producing such a result, but the throwing of the coal was an act well calculated to produce it, and can not be justified. The plaintiff was wrongfully upon the engine. He knew that it was wrong to get on the engine, and the act had been forbidden by his father and mother, but the fact of his being wrongfully there did not exempt the defendant from the exercise of ordinary care for his safety in any effort made to get him off.

In C., M. & St. P. Ry. Co. v. West, 125 Ill. 320, it was held to be the duty of an engineer to observe reasonable care under the circumstances, in putting a person off the engine, even when wrongfully there. In N. C. C. Ry. Co. v. Gastka, 128 Ill. 613, it was said to be a matter of no moment whether the plaintiff was a trespasser on the car, and that the conductor was required to act in a prudent manner and exercise due care for the safety of plaintiff in undertaking to put him off.

But it is argued that the act of the engineer was not committed within the scope of his employment, but was personal in character on his part, and that therefore the law will not hold the defendant accountable for the resulting damage. This argument is based upon the absence of any evidence that the engineer had received any directions from the defendant to perform the duty of keeping trespassers off from the foot-board of the engine, or to require persons wrongfully there to get off, or that the defendant had issued any rule or order requiring the performance of such duties by him. It was proved that the defendant did not permit boys to get on the trains, that it made strenuous efforts to prevent them from doing so and employed a special policeman to keep them off the trains in that vicinity, and

that the engineers were accustomed to blow steam at them to scare them and keep them off. That it was the design of the defendant to have them kept off can not be doubted.

The engineer was in the possession, management and control of the engine, and is to be presumed to have had the powers commonly exercised by that class of servants. Nothing is more common than for courts to take notice of the powers and duties of conductors, engineers and other agents where common observation and experience furnishes knowledge of what they are. Placing the engineer in the management and control of the engine would imply, in the absence of proof to the contrary, power to keep trespassers off from it, and we can not doubt that he was acting within the scope of his employment in what he did.

The train was moving so slowly that there was no difficulty in stepping on the foot-board, and the evidence for plaintiff was that he tried to get off, and would have done so, but for the engineer blowing steam from the cylinders on both sides which rose in his face when he made the attempt and prevented his doing so. But for that fact he would probably have got off in safety. In considering his conduct his age must be taken into account, and the consequent indiscretion and venturesome disposition characteristic of boys of like age, and in view of those considerations and all the circumstances we can not say that there was anything in such conduct to bar a recovery. We are of the opinion that the evidence supports the verdict.

It is claimed that the third instruction for the plaintiff was wrong in omitting any requirement of care on the part of plaintiff. That instruction was merely designed to inform the jury what class of acts of its engineer the defendant would be held responsible for, and we think that it would be so understood by the jury. The rule contended for by appellant was recognized in the instructions, and we do not consider the objection well founded.

A motion in arrest of judgment was made and overruled. The ground of the motion was that the declaration contained no averment of care on the part of plaintiff for his own

safety. The first additional count of the declaration at least was in trespass for an assault requiring no such averment, and as a motion in arrest of judgment can not prevail where there is one good count, the action of the court was right on that ground. But as to any count where such an averment may have been necessary the omission was cured by verdict, and was not ground for the motion. I. C. R. R. Co. v. Simmons, 38 Ill. 242. As we find no substantial reason for reversing the judgment, it will be affirmed.