## Jacob Schaefer v. North Chicago St. R. R. Co.

1. CONTRIBUTORY NEGLIGENCE—*In Actions for Trespass and Willful Wrongs.*—In an action for trespass and for a willful wrong, the question of contributory negligence does not arise.

2. SAME—*No Application, When.*—Where the declaration is in case, and the wrong charged as a willful and wanton wrong, the doctrine of contributory negligence of the plaintiff has no application.

3. PASSENGERS—*Duty to Submit to the Orders of the Conductor.*— It is the duty of a passenger to submit to the order of a conductor to leave the car, although such order is unwarranted, and to look to the carrier for damages for the injury sustained. If he refuses to obey and invites a conflict in the enforcement of the conductor's order, he can not recover against the carrier for injuries received through such conflict, unless the expulsion is done in a wanton manner.

**Assault and Battery.**—Trial in the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Verdict and judgment for defendant; appeal by plaintiff. Heard in this court at the October term, 1898. Reversed and remanded. Opinion filed May 22, 1899.

**Statement of the Case.**—Appellant brought this suit against appellee to recover for injuries sustained by appellant through an assault alleged to have been committed by

appellee, through its agent, a conductor, while appellant was a passenger upon one of the cars of appellee.

The declaration in each count complains, for that the defendant, by its servants, agents and employes did, with force and arms, assault the plaintiff. Upon the trial evidence was introduced which tended to show that appellant was intoxicated; that he persisted in putting his feet upon a seat of the car, contrary to the request of the conductor; that the conductor ordered him to leave the car; that he refused; and that the conductor then forcibly ejected him from the car. There was also some evidence tending to show that the car was in motion and had not fully stopped when the conductor put appellant from the car, and that it was while he was thus being put from the car that he was injured.

Upon the trial the court gave to the jury, at the request of appellee, instructions which, in effect, told the jury that if appellant had been guilty of negligence which contributed to his injury, then he could not recover.

The jury found the issues for the appellee. From judgment upon that verdict this appeal is prosecuted.

MORAN, KRAUS & MAYER, attorneys for appellant.

Contributory negligence can not be relied on in any case where the action of the defendant is wanton, willful or reckless in the premises, and injury ensues as the result. * * * Although the plaintiff is guilty of negligence, he can recover if the defendant could have avoided committing the injury by the exercise of ordinary care.

Contributory negligence on the part of the plaintiff is no excuse for wanton and willful negligence on the part of the defendant. Lake Shore & M. S. R. R. Co. v. Bodemer, 139 Ill. 596.

This is an action for assault and battery and not for negligence. In the former it is not necessary either to allege or to approve due care on the part of the plaintiff; in the latter it is. It is not necessary to allege or prove due care even in an action for willful negligence. Lake Shore &

Mich. So. R. R. Co. v. Bodemer, 139 Ill. 596, 607, 612; E. St. L. C. Ry Co. v. Jenks, 54 Ill. App. 91, 94; C., M. & St. P. Ry. Co. v. Doherty, 53 Ill. App. 282; 2 Amer. & Eng. Ency. (2d Ed.), page 988, note; Steinmetz v. Kelly, 72 Ind. 442; Talmage v. Smith, 101 Mich. 370; Ruter v. Foy, 46 Ia. 132; Kain v. Larkin, 56 Hun, 79.

James W. Duncan and Marcus Kavanagh, attorneys for appellee.

Mr. Justice Sears delivered the opinion of the court.

It is conceded by counsel for appellee that the instructions as to contributory negligence upon the part of appellant are erroneous. Upon the declaration and the facts here, no question of contributory negligence is involved. The action is not for negligence, but is in trespass and for a willful wrong. Hence the question of contributory negligence does not arise. C., M. & St. P. Ry. Co. v. Doherty, 53 Ill. App. 282.

And if the declaration had been in case, yet the wrong charged being a willful and wanton wrong, the doctrine of contributory negligence of the plaintiff would have no application. L. S. &. M. S. R. R. Co. v. Bodemer, 139 Ill. 596.

But counsel for appellee argue that, although the instructions were erroneous, yet this should not work a reversal, because, it is claimed, the verdict could not have been different upon the facts. In other words, it is contended, in effect, that upon the facts presented, there was nothing to submit to a jury. We can not assent to this contention. It is true that it is the duty of a passenger to submit to the order of a conductor to leave the car, even although such order is unwarranted, and to then look to the carrier for damages for such injury as is thereby sustained. And if the passenger refuses to obey and invites a conflict in the enforcement of the conductor's order, he can not recover against 'the carrier for injuries received through such conflict, unless the expulsion is done in a wanton manner. C., B. & Q. R. R. Co. v. Griffin, 68 Ill.

476    APPELLATE COURTS OF ILLINOIS.

499; Penn. R. R. Co. v. Connell, 112 Ill. 295; C. & N. W. Ry. Co. v. Bannerman, 15 Ill. App. 100; C., B. & Q. R. R. Co. v. Wilson, 23 Ill. App. 63; C., R. I. & P. Ry. Co. v. Brisbane, 24 Ill. App. 463; N. C. St. R. R. Co. v. Olds, 40 Ill. App. 421.

But the difficulty in the contention of appellee is, that there is some evidence in this case tending to show that appellant, after refusing to obey the directions of the conductor, and having refused to leave the car, was expelled from the car while it was still moving, and thereby injured. If this evidence was credited by the jury and could be said to create a preponderance of the evidence in that behalf, then the jury might be warranted in finding that the expulsion was effected in a wanton manner.

We are of opinion that it was proper that the evidence should be submitted to the jury. For the error in the instructions indicated, the judgment is reversed and the cause is remanded.